UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BROADCAST MUSIC, INC.; | ) | CASE NO. |
| RONDOR MUSIC INTERNATIONAL, | ) | |
| INC. d/b/a IRVING MUSIC; | ) | JUDGE |
| ELIJAH BLUE MUSIC, A DIVISION | ) | |
| OF LIGHTHOUSE, INC.; | ) | |
| UNICHAPPELL MUSIC, INC.; | ) | |
| CONCORD MUSIC GROUP, INC. | ) | |
| d/b/a JONDORA MUSIC; | ) | |
| SONGS OF UNIVERSAL, INC.; | ) | |
| BARN-STORM MUSIC, INC.; | ) | |
| BELKIN MUSIC, A DIVISION OF | ) | |
| BELKIN PRODUCTIONS, INC.; | ) | |
| WARNER-TAMERLANE | ) | |
| PUBLISHING CORP.; | ) | |
| DANDELION MUSIC CO., A | ) | |
| DIVISION OF JAMIE MUSIC | ) | |
| PUBLISHING CO.; | ) | |
| EMI VIRGIN  SONGS, INC. d/b/a | ) | |
| EMI LONGITUDE MUSIC; | ) | |
| FORREST RICHARD BETTS MUSIC; | ) | |
| G DeGRAW MUSIC INC., | ) | |
| 7 World Trade Center | ) | |
| 250 GreenwichStreet | ) | |
| New York, New York 10007 | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| MEADOWLAKE, LTD. d/b/a | ) | |
| RAFTERS BAR & GRILL | ) | |
| 1211 39TH Street, NE | ) | |
| Canton, Ohio 44714-1215 | ) | |
| | ) | |
| PHILIP R. BARR | ) | |
| c/o Rafters Bar & Grill | ) | |
| 1211 39TH Street, NE | ) | |
| Canton, Ohio 44714-1215 | ) | |
| | ) | |

| | |
|---|---|
| ROY E. BARR | ) |
| c/o Rafters Bar & Grill | ) |
| 1211 39TH Street, NE | ) |
| Canton, Ohio 44714-1215 | ) |
| | ) |
| Defendants | |

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows on knowledge as to Plaintiffs, otherwise, on information and belief:

JURISDICTION AND VENUE

1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. § 101 et seq. (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(a).

THE PARTIES

3. Plaintiff Broadcast Music, Inc. ("BMI") is a corporation organized and existing under the laws of the State of New York. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in approximately 7.5 million copyrighted musical compositions (the "BMI Repertoire"), including those that are alleged herein to have been infringed.

4. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions that are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Plaintiff Rondor Music International, Inc. d/b/a Irving Music is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

6. Plaintiff Elijah Blue Music, a Division of Lighthouse, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

7. Plaintiff Unichappell Music, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

8. Plaintiff Concord Music Group, Inc. d/b/a Jondora Music is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

9. Plaintiff Songs of Universal, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

10. Plaintiff Barn-Storm Music, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

11. Plaintiff Belkin Music, A Division of Belkin Productions, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

12. Plaintiff Warner-Tamerlane Publishing Corp. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

13. Plaintiff Dandelion Music Co, a division of Jamie Music Publishing Co. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

14. Plaintiff EMI Virgin Songs, Inc. d/b/a EMI Longitude Music is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

15. Plaintiff Forrest Richard Betts Music is a sole proprietorship owned by Forrest Richard Betts. This Plaintiff is the copyright owner of at least one of the songs in this matter.

16. Plaintiff G DeGraw Music Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

17. Defendant Meadowlake, Ltd. is a corporation organized and existing under the laws of the State of Ohio that operates, maintains and controls an establishment known as Rafters Bar & Grill, located at 1211 39th Street NE, Canton, Ohio 44714-1215, in this district (the "Establishment").

18. In connection with the operation of the Establishment, Defendant Meadowlake, Ltd. publicly performs musical compositions and/or causes musical compositions to be publicly performed.

19. Defendant Meadowlake Ltd. has a direct financial interest in the Establishment.

20. Defendant Philip R. Barr is a member of Defendant Meadowlake, Ltd. with primary responsibility for the operation and management of that corporation and the Establishment.

21. Defendant Philip R. Barr has the right and ability to supervise the activities of Defendant Meadowlake, Ltd. and a direct financial interest in that corporation and the Establishment.

22. Defendant Roy E. Barr is a member of Defendant Meadowlake, Ltd. with primary responsibility for the operation and management of that corporation and the Establishment.

23. Defendant Roy E. Barr has the right and ability to supervise the activities of Defendant Meadowlake, Ltd. and a direct financial interest in that corporation and the Establishment.

CLAIMS OF COPYRIGHT INFRINGEMENT

24. Plaintiffs repeat and reallege each of the allegations contained in Paragraphs 1 through 23.

25. Plaintiffs allege ten (10) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

26. Attached hereto and incorporated herein as Exhibit A is a Schedule identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the ten (10) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s); Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

27. For each musical composition identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

28. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

29. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

30. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publically performed and/or caused to be publicly performed At the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendants have committed copyright infringement.

31. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs demand that:

A. Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. § 502;

B. Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. § 504(c);

    C.     Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. § 505; and

    D.     That Plaintiffs have such other and further relief as is just and equitable.

                                              s/ *Ronald H. Isroff*
                                              Ronald H. Isroff  (0021930)
                                              ULMER & BERNE LLP
                                              Skylight Office Tower
                                              1660 W. 2nd Street, Suite 1100
                                              Cleveland, Ohio 44113-1448
                                              Tel (216) 583-7000
                                              Fax (216) 583-7001
                                              risroff@ulmer.com

                                              Attorney for Plaintiffs

CLEV1997 1957639v1