UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BROADCAST MUSIC, INC., ET AL | ) | CASE NO.  5:12CV1024 |
| | ) | |
| Plaintiffs | ) | Mag. Judge George J. Limbert |
| | ) | |
| v. | ) | |
| | ) | |
| MEADOWLAKE, LTD. d/b/a | ) | **MOTION FOR SUMMARY JUDGMENT** |
| RAFTER'S BAR & GRILL, et al. | ) | **AGAINST DEFENDANT ROY E. BARR** |
| | ) | |
| Defendants | ) | |

Pursuant to Federal Rule of Civil Procedure 55(b), and for the reasons stated in the following Memorandum in Support of Motion for Summary Judgment, Plaintiffs move this Court for entry of summary judgment against only Defendant Roy E. Barr ordering that:

(a)     Defendant Roy E. Barr, his agents, servants, employees, and all persons acting under his permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. § 502;

(b)     Defendant Roy E. Barr pay statutory damages in the amount of $10,800, which represents an award of $1,200 for each of nine (9) claims of infringement, pursuant to 17 U.S.C. § 504(c);

(c)     Defendant Roy E. Barr pay plaintiffs' costs, including reasonable attorney's fees in the amount of $9,799.80, pursuant to 17 U.S.C. § 505;

(d)     Defendant Roy E. Barr pay interest on these awards pursuant to 28 U.S.C. § 1961.

This Motion is supported by the Declarations of Hope Lloyd, Lawrence E. Stevens and Ronald H. Isroff, attached hereto as Exhibits 1, 2 and 3, respectively, which establish Plaintiffs' claims for relief.

/s/ *Robert E. Chudakoff*
Robert E. Chudakoff (0038594)
Skylight Office Tower
1660 West 2nd Street, Suite 1100
Cleveland, Ohio 44113-1448
Tel (216) 583-7000
Fax (216) 583-7001
rchudakoff@ulmer.com

Attorney for Plaintiffs

## TABLE OF CONTENTS

PAGE

I.    PRELIMINARY STATEMENT ................................................................................. 1

II.   STATEMENT OF UNDISPUTED FACTS ............................................................. 1

III.  PLAINTIFFS ARE ENTITLED TO SUMMARY JUDGMENT ........................... 3

    A.  There Are no Genuine Issues of Material Fact .................................................. 4

    B.  The Defendant Roy E. Barr is Vicariously Liable for Acts of Copyright
        Infringement Committed at Rafters Bar & Grill ................................................ 6

IV.   PLAINTIFFS ARE ENTITLED TO THE RELIEF THEY REQUEST ................... 8

    A.  Injunctive Relief ................................................................................................ 8

    B.  Statutory Damages .......................................................................................... 10

    C.  Attorney's Fees and Costs ............................................................................... 13

V.    CONCLUSION ................................................................................................... 14

<u>TABLE OF AUTHORITIES</u>

Cases

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) .......................................................... 4

*Boz Scaggs Music v. KND Corp.*, 491 F. Supp. 90 (D. Conn. 1980)................................... 5, 9

*Bridgeport Music v. Justin Combs Publ'g*, 507 F.3d 470 (6th Cir. 2007)........................ 10, 11

*Broadcast Music Inc. v. V3 Club Company LLC d/b/a The Highlands, et al,* cv-09-08039
  (C.D. CA June 21, 2010) ............................................................................................. 15

*Broadcast Music, Inc.  v. CDZ, Inc.*, 724 F. Supp. 2d 930 (C.D. Ill. 2010)............................ 9

*Broadcast Music, Inc. v. Airhead Corp.*, No. CIV.A. 3:90CV00431,
  1990 WL 1239531 (Dec. 27, 1990 E.D. Va. 1990) ....................................................... 8

*Broadcast Music, Inc. v. Buck Wild Saloon, LLC d/b/a Buck Wild Saloon, et al.,*
  No. 3:11-cv-00165 (M.D. Tenn. December 5, 2011)...................................................... 15

*Broadcast Music, Inc. v. Columbia Broadcasting System, Inc.*, 441 U.S. 1 (1979)............... 2

*Broadcast Music, Inc. v. Entertainment Complex, Inc.,* 198 F. Supp. 2d 1291 (N.D. Ala. 2002) ........ 16

*Broadcast Music, Inc. v. Fox Amusement Co.*, 551 F. Supp. 104 (N.D. Ill. 1982) .............. 16

*Broadcast Music, Inc. v. Jeep Sales & Service Co.*, 747 F. Supp. 1190 (E.D. Va. 1990)...... 8

*Broadcast Music, Inc. v. Moor-Law, Inc.,* 484 F. Supp. 357 (D. Del. 1980),
  527 F. Supp. 758 (D. Del. 1981), *aff'd without published opinion*, 691 F. 2d 491 (3d Cir. 1982). .... 2

*Broadcast Music, Inc. v. Niro's Palace, Inc.*, 619 F. Supp. 958 (N.D. Ill. 1985) ............ 7, 11

*Broadcast Music, Inc. v. Pine Belt Investment Developers, Inc.,*
  657 F. Supp. 1016 (S.D. Miss. 1987)............................................................................ 5, 6

*Broadcast Music, Inc. v. Pub Dayton, LLC, et al.,* No. 3:11-cv-58,
  2011 U.S. District LEXIS 57211 (S.D. Ohio May 27, 2011) ....................................... 15

*Broadcast Music, Inc. v. The Peppermint Club, Inc.*, 229 USPQ 534 (N.D. Ohio 1986)................. 7, 8

*Broadcast Music, Inc. v. Triple L Vending, Inc.,* 5 USPQ2d 1346 (W.D. Tex. 1987)................. 13, 16

*Broadcast Music, Inc., et al. v. Cameron Hospitality, Inc. d/b/a Fosters, et al.,*
  No. 5:11-CV-152-BO (E.D.N.C. August 11, 2011)...................................................... 15

*Chi-Boy Music v. Charlie Club, Inc.,* 930 F.2d 1224 (7th Cir. 1991) ..................................................... 15

*Columbia Pictures Indus. v. Redd Horne,* 749 F.2d 154 (3d Cir. 1984) ................................................. 9

*Digital Filing Sys., LLC v. Aditya Int'l,* 323 F. App'x 407 (6th Cir. 2009)............................................ 11

*Dream Dealers Music v. Parker,* 924 F. Supp. 1146 (S.D. Ga. 1994)...................................................... 16

*EMI Mills Music, Inc. v. Empress Hotel, Inc.,* 470 F. Supp.2d 67 (D. Puerto Rico 2006)................... 13

*F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228 (1952) ................................................. 12

*Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.,* 443 F. 2d 1159 (2d Cir. 1971). .................... 7

*Halnat Pub. Co. v. L.A.P.A., Inc.,* 669 F. Supp. 933 (D. Minn. 1987).................................................... 13

*Herbert v. The Shanley Co.,* 242 U.S. 591 (1917) ................................................................................. 10

*Hounddog Productions, L.L.C. v. Empire Film Group,* 767 F. Supp. 480 (S.D. N.Y. 2011)................ 3

*International Korwin Corp. v. Kowalczyk,* 855 F. 2d. 375 (7th Cir. 1988) ............................................ 14

*MGM Studios, Inc. v. Grokster, Ltd., et al.*, 545 U.S. 913 (2005) .......................................................... 9

*Milene Music v. Gotauco,* 551 F. Supp. 1288 (D.R.I. 1982) ................................................. 5, 12, 16, 17

*Music v. Alfa Foods Ltd.,* 616 F. Supp. 1001 (E.D. Va. 1985).............................................................. 13

*Nick-O-Val Music Co., Inc. v. P.O.S. Radio, Inc.,* 656 F. Supp. 826 (M.D. Fla. 1987)....................... 14

*Peer International Corp. v. Luna Records, Inc.*, 887 F. Supp. 560 (S.D. N.Y. 1995)............................. 3

*Prater Music v. Williams*, 5 USPQ2d 1813 (W.D. Mo. 1987). ........................................................ 12, 14

*Rodgers v. Eighty Four Lumber Co.,* 623 F. Supp. 889 (W.D. Pa. 1985) ....................................... 13, 14

*Sailor Music v. IML Corp.,* 867 F. Supp. 565 (E.D. Mich. 1994)......................................................... 16

*Sailor Music v. Mai Kai of Concord, Inc.,* 640 F. Supp. 629 (D.N.H. 1986) .............................. 5, 6, 12

*Saleh v. Bank of America*, 427 B. R. 415 (Bankr. S. P. Ohio 2010) ....................................................... 3

*Salinger v. Colting,* 607 F.3d 68 (2d Cir. 2010)................................................................................... 11

*Shapiro, Bernstein & Co., Inc. v. H.L. Green Co., Inc.,* 316 F. 2d 304 (2d Cir. 1963)..................... 7, 9

*Twentieth Century Music Corp. v. Aiken*, 422 U.S. 151 (1975)............................................................. 8

*Warner Bros., Inc. v. Lobster Pot, Inc.,* 582 F. Supp. 478 (N.D. Ohio 1984)........................................ 8

*Wow & Flutter Music v. Len's Tom Jones Tavern, Inc.*, 606 F. Supp. 554 (W.D.N.Y. 1985) ............. 13

## Statutes

17 U.S.C. § 101 ................................................................................................................ 1

17 U.S.C. § 106(4) ......................................................................................................... 1, 4

17 U.S.C. § 501(a) ......................................................................................................... 4, 6

17 U.S.C. § 502 ............................................................................................................... 4

17 U.S.C. § 502(a) ......................................................................................................... 11

17 U.S.C. § 504(c) ......................................................................................................... 4, 14

17 U.S.C. § 504(c)(1) ..................................................................................................... 12

17 U.S.C. § 504(c)(2) ..................................................................................................... 12

17 U.S.C. § 505 ............................................................................................. 1, 4, 16, 17

28 U.S.C. § 1338(a) ......................................................................................................... 1

28 U.S.C. § 1400(a). ....................................................................................................... 1

28 U.S.C. § 1746 ........................................................................................................... 5, 6

## Rules

Fed. R. Civ. P. 56 ........................................................................................................... 3

Fed. R. Civ. P. 56(e) ..................................................................................................... 4

PLAINTIFFS' MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT ROY E. BARR

I.      PRELIMINARY STATEMENT

This is an action for copyright infringement brought pursuant to 17 U.S.C. § 101 et. seq. (the "Copyright Act"). Jurisdiction is vested in this Court under 28 U.S.C. § 1338(a) and venue is proper under 28 U.S.C. § 1400(a).

II.     STATEMENT OF UNDISPUTED FACTS

Plaintiff Broadcast Music, Inc. ("BMI") is a "performing rights society" that licenses the right to publicly perform copyrighted musical compositions on behalf of the copyright owners of these works.  17 U.S.C. § 101.  The other Plaintiffs are the copyright owners of various compositions that are the subject of this lawsuit.  Declaration of Hope Lloyd, Assistant Vice President, Legal ("Lloyd Declaration"), ¶ 4, attached as Exhibit 1.  Under the Copyright Act, the owners of copyrights in musical compositions possess the exclusive right to authorize public performances of their works.  17 U.S.C. § 106(4).

Through agreements with copyright owners such as music publishing companies and independent composers, BMI acquires non-exclusive public performance rights.  Lloyd Declaration, ¶ 2.  BMI has acquired such rights from each of the other Plaintiffs in this action.  Lloyd Declaration, ¶ 5.

BMI, in turn, grants to music users such as broadcasters and the owners and operators of concert halls, restaurants, nightclubs and hotels, the right to publicly perform any of the works in BMI's Repertoire by means of "blanket license agreements". Lloyd Declaration, ¶ 2.  These agreements have been recognized as the most practical means to exploit copyright owners' public performance rights.  See *Broadcast Music, Inc. v. Columbia Broadcasting System, Inc.*, 441 U.S. 1

(1979); *Broadcast Music, Inc. v. Moor-Law, Inc.,* 484 F. Supp. 357 (D. Del. 1980), 527 F. Supp. 758 (D. Del. 1981), *aff'd without published opinion*, 691 F. 2d 491 (3d Cir. 1982).

BMI operates as a non-profit performing rights organization.  It distributes all of the money it collects in license fees from music users - - licensees such as the restaurants, hotels and nightclubs referenced above - - as royalties to its affiliated publishers and composers, after the deduction of operating expenses and reasonable reserves.  Lloyd Declaration, ¶ 3.

The Defendant Roy E. Barr owns 95% of the company that operates Rafters Bar & Grill located at 1211 39th Street, NE, Canton, Ohio 44714-1215 ("Rafters") and that regularly features performances of live and recorded music.  See Defendants' Responses to Plaintiffs' First Set of Interrogatories Nos. 1 and 2, attached as Exhibit 3-A to the Declaration of Ronald H. Isroff "(Isroff Declaration"), attached as Exhibit 3.  See also Defendants' Responses to Plaintiffs' First Set of Requests for Admissions to Defendants' Nos. 1-3, 12 and 13 attached as Exhibit 3-B to the Isroff Declaration.

As more fully set forth in the Declaration Lawrence E. Stevens, Assistant Vice President, General Licensing (the "Stevens Declaration"), attached as Exhibit 2, between October 2008 and March 2012, BMI repeatedly informed the Defendants of the need to obtain permission for public performances of copyrighted music. Stevens Declaration ¶¶ 3-8.  BMI offered to enter into a license agreement with the Defendants, but the Defendants failed and refused to enter into a license agreement. Stevens Declaration, ¶ 9.

On April 18, 2011, BMI instructed the Defendants to cease public performances of music licensed by BMI.  Stevens Declaration, ¶ 6.  Nevertheless, public performances of BMI-licensed music continued at Rafters after that date and performances of songs owned by the Plaintiffs were chronicled by a BMI investigator on December 23, 2011.  Stevens Declaration, ¶ 10. Specifically,

2

BMI's investigator generated a written report of the songs played at Rafters on that night that includes the songs that are the subject of this infringement action.  Id.

Plaintiffs bring this Motion for Summary Judgment under Fed. R. Civ. P. 56.  As demonstrated below, there are no issues of material fact remaining in this action.  Accordingly, Plaintiffs are entitled to judgment against Defendant Roy E. Barr as a matter of law.[1]

As set forth in the Stevens Declaration, between October 2010 and March 2012, although BMI offered to grant a license for the public performance of musical compositions at Rafters, none of the Defendants were licensed by any of the Plaintiffs to publicly perform any of their musical compositions on December 23, 2011.  Yet, music in the BMI Repertoire was performed at Rafters on December 23, 2011.  Stevens Declaration, ¶ 10.

## III.  PLAINTIFFS ARE ENTITLED TO SUMMARY JUDGMENT

Plaintiffs are entitled to summary judgment against Defendant Roy E. Barr as a matter of law. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no *genuine* issue as to any *material* fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). This standard "provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986).  Moreover, "when a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon mere allegations or

---

[1] Defendant Meadowlake, Ltd. filed for protection under the Bankruptcy Code on March 15, 2013 and Defendant Philip R. Barr filed for protection on April 5, 2013.  Thus, Plaintiffs are proceeding in this action against only Defendant Roy E. Barr.  See *Peer International Corp. v. Luna Records, Inc.*, 887 F. Supp. 560, 564 (S.D. N.Y. 1995); *Saleh v. Bank of America*, 427 B. R. 415 (Bankr. S. D. Ohio 2010); *Hounddog Productions, L.L.C. v. Empire Film Group*, 767 F. Supp. 480 (S.D. N.Y. 2011).

denials ... but the adverse party's response ... must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

The Copyright Act provides the owner of a copyright with the exclusive right to perform, or to authorize others to perform, the copyrighted work.  17 U.S.C. § 106(4).  Any person who violates this exclusive right is an infringer.  Id. at § 501(a).  It is undisputed that the Defendants publicly performed the Plaintiffs' copyrighted musical compositions without authorization in violation of the Copyright Act.  Accordingly, Plaintiffs seek judgment as a matter of law, statutory damages, injunctive relief and attorney's fees and costs.  See 17 U.S.C. §§ 504(c) , 502 and 505.

A.    There Are no Genuine Issues of Material Fact

There are no genuine issues of material facts and summary judgment should be granted to Plaintiffs against Defendant Roy E. Barr.

In order to prevail in an action for copyright infringement, the Plaintiffs must establish the following five elements:

1.    Originality and authorship of the copyrighted works involved;

2.    Compliance with the formalities of the Copyright Act;

3.    Proprietary rights in the copyrighted works involved;

4.    Public performance of the compositions involved; and

5.    Lack of authorization for public performance.

*Broadcast Music, Inc. v. Pine Belt Investment Developers, Inc.,* 657 F. Supp. 1016 (S.D. Miss. 1987); *Sailor Music v. Mai Kai of Concord, Inc.,* 640 F. Supp. 629 (D.N.H. 1986); *Milene Music v. Gotauco*, 551 F. Supp. 1288 (D.R.I. 1982); *Boz Scaggs Music v. KND Corp.,* 491 F. Supp. 90 (D. Conn. 1980).

4

The <u>first</u> <u>three</u> elements are established in the Lloyd Declaration which constitutes sufficient evidence of the facts sworn to therein.   28 U.S.C. § 1746.  The Lloyd Declaration, referring to the Schedule of infringing compositions attached to the Complaint, sets forth the names of the authors and publishers of each composition, the date of copyright registration and the registration number. Lloyd Declaration, ¶ 4.  The Declaration is supplemented with copies of each registration certificate and subsequent documentation relating to the chain of ownership of the songs.  There is no dispute of these facts.  *Broadcast Music, Inc. v. Pine Belt Investment Developers, Inc.,* 657 F. Supp. 1016, 1020.

The <u>fourth</u> element, public performance, is established by the Certified Infringement Report of Robert Conrad who was hired by BMI for the purpose of visiting Rafters and making written reports of musical compositions that were performed. Stevens Declaration, ¶ 11.  Mr. Conrad's Certified Infringement Report is attached to the Stevens Declaration as Exhibit 2-A and, as discussed in more detail below, it is clear that performance of the music may also be established by Certification.  28 U.S.C. § 1746; *Broadcast Music, Inc. v. Pine Belt Investment Developers, Inc.,* 667 F. Supp. 1016, 1020; *Sailor Music v. Mai Kai of Concord, Inc.,* 640 F. Supp. 629.

The <u>fifth</u> element, lack of authorization, is similarly established in the Stevens Declaration.  The Stevens Declaration verifies that the Defendants did not enter into a BMI license agreement, nor were the performances otherwise authorized. Moreover, Defendants continued to publicly perform copyrighted music without permission after being instructed to cease, as indicated by the Certified Infringement Report. Stevens Declaration, ¶ 11 and Exhibit 2-A.

B.     The Defendant Roy E. Barr is Vicariously Liable for Acts of Copyright
       Infringement Committed at Rafters Bar & Grill

          The Copyright Act, at 17 U.S.C. § 501(a), provides that "[a]nyone who violates any of

the exclusive rights of the copyright owner as provided by Sections 106 through 121 . . . is an infringer

of the copyright . . . ."   Interpreting the equivalent section under the Copyright Act of 1909, the

Second Circuit Court of Appeals stated:

> Although the Act does not specifically delineate what kind or degree of
> participation in an infringement is actionable, it has long been held that
> one may be liable for copyright infringement even though he has not
> himself performed the protected composition.

*Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.,* 443 F. 2d 1159, 1161-62 (2d Cir. 1971).

          In an earlier Second Circuit case, the Court stated:

> [T]he cases are legion which hold the dance hall proprietor liable for
> the infringement of copyright resulting from the performance of a
> musical composition by a band or orchestra whose activities provide
> the proprietor with a source of customers and enhanced income.  He is
> liable whether the band leader is considered, as a technical matter, an
> employee, or an independent contractor and whether or not the
> proprietor has knowledge of the compositions to be played or any
> control over their selection.

*Shapiro, Bernstein & Co., Inc. v. H.L. Green Co., Inc.,* 316 F. 2d 304, 307 (2d Cir. 1963); *see also*

*Broadcast Music, Inc. v. The Peppermint Club, Inc.,* 229 U.S.P.Q. 534, 537-38 (N.D. Ohio 1986).

          But for its bankruptcy filing, as the sponsor of the public performances, the corporate

defendant Meadowlake, Ltd. would be liable for infringement at Rafters.  See *Broadcast Music, Inc. v.*

*Niro's Palace, Inc.* 619 F. Supp. 958, 961 (N.D. Ill. 1985)([n]ot only is the performer liable for

infringement, but so is anyone who sponsors the performance)(citing *Twentieth Century Music Corp.*

*v. Aiken,* 422 U.S. 151, 157 (1975)).

          In addition, Defendant Roy E. Barr as the 95% owner and controlling member of

Rafters is individually liable for the infringements.  As the 95% controlling member, Roy E. Barr had a

6

direct financial interest in and the right and ability to directly control Rafters and supervise the activities there. "A corporate officer is jointly and severally liable, with his corporation for copyright infringement if he (1) 'had the right and ability to supervise the infringing activity', and (2) 'has a direct financial interest in such activities'." *The Peppermint Club, Inc.*, 229 USPQ at 538, (quoting *Warner Bros., Inc. v. Lobster Pot, Inc.,* 582 F. Supp. 478, 483 (N.D. Ohio 1984)). *Broadcast Music, Inc. v. Airhead Corp.*, No. CIV.A. 3:90CV00431, 1990 WL 1239531 (Dec. 27, 1990 E.D. Va. 1990) ("Corporate officers are held jointly and severally liable with their corporation for copyright infringements where they (1) have the right and ability to supervise the infringing activity and (2) have a direct financial interest in such activities."); *Broadcast Music, Inc. v. The Peppermint Club, Inc.*, 1985 WL 6141 (N.D. Ohio 1986) (quoting *Warner Bros., Inc. v. Lobster Pot, Inc.*, 582 F. Supp. 478, 483 (N.D. Ohio 1984) ("In the case of a corporate officer or director, most courts have interpreted [] to require that the corporate officer have 'the right and ability to supervise the infringing activity', and . . . 'a direct financial interest in such activities.'"); *Broadcast Music, Inc. v. Jeep Sales & Service Co.*, 747 F. Supp. 1190 (E.D. Va. 1990)(relying on *Columbia Pictures Indus. v. Redd Horne*, 749 F.2d 154, 160 (3d Cir. 1984) (liability of officer or director of corporation is joint and several with corporate defendant); *Broadcast Music, Inc.  v. CDZ, Inc.*, 724 F. Supp. 2d 930 (C.D. Ill. 2010) (quoting *MGM Studios, Inc. v. Grokster, Ltd., et al.*, 545 U.S. 913, 931 (2005)) ) ("One can be held vicariously liable for copyright infringement where 1) the defendant profits directly from the infringement, and 2) has a right and ability to supervise the direct infringer."); *Shapiro, Bernstein & Co. v. H.L. Green Co., Inc.*, 316 F.2d 304, 308 (2d Cir. 1963) ("[T]he cases are legion which hold the dance hall proprietor liable for the infringement of copyright resulting from the performance of a musical composition by a band or orchestra whose activities provide the proprietor with a source of customers and enhanced income.); *Boz Scaggs Music v. KND Corp.*, 491 F. Supp. 908, 913 (D. Conn. 1980) ("[O]ne may be vicariously

liable if he has the right and ability to supervise the infringing activity and also has a direct financial interest in such activities.")

There can be no question that defendant Roy E. Barr as the 95% owner of Rafters had the right and ability to direct and supervise the activities at Rafters and that he had a direct financial interest in its operation.

## IV.  PLAINTIFFS ARE ENTITLED TO THE RELIEF THEY REQUEST

Plaintiffs request permanent injunctive relief, statutory damages for each of the claims of infringement, costs and reasonable attorney's fees.  Each aspect of the requested relief is briefly discussed below.

### A.  Injunctive Relief

Musical performances are obviously important to the operation of Rafters.  "If music did not pay, it would be given up." *Herbert v. The Shanley Co.,* 242 U.S. 591, 595 (1917).  It is clear from the fact that a BMI investigator logged unauthorized performance of music in the BMI Repertoire – long after Defendants' receipt of numerous calls and letters from BMI – that Defendants did not give it up.  Similarly, it is clear that Defendants' establishment likely continues to make unauthorized performances of BMI music at the present time and will continue to do so in the future. Plaintiffs therefore seek injunctive relief to prevent further unauthorized performances and copyright violations.  *See Bridgeport Music, Inc. v. Justin Combs Publ'g*, 507 F.3d 470, 492 (6th Cir. 2007).

BMI seeks an injunction against Defendant Roy E. Barr that would prevent him from allowing the public performance of music in BMI's repertoire.  BMI has offered to Defendants' establishment a blanket license, which is a well-established license agreement that has been entered into by tens of thousands of similar establishments across the United States.  BMI's blanket license would permit Defendants' to publicly perform any of the musical works in BMI's repertoire, which currently

includes approximately 7.5 million musical works, or approximately one-half of the songs played on the radio each year in the United States.  BMI's repertoire of musical works is available for full search capability in the "Repertoire Search" section of www.bmi.com.

Section 502(a provides that the Court may grant final injunctions "to prevent or restrain infringement of a copyright."  17 U.S.C. § 502(a) (2012).  In order to be awarded an injunction, the moving party must show  (1) likelihood of success on the merits; (2) irreparable harm; (3) balance of hardships tipping in movant's favor; and (4) non-disservice of the public interest by issuing the injunction.  See *Salinger v. Colting,* 607 F.3d 68, 79-80 (2d Cir. 2010) As one court has stated in a case similar to this:

> A permanent injunction is especially appropriate where a threat of continuing infringement exists. . . The threat of continuing infringement is substantial in the present case.  Niro's provided unauthorized performances of copyrighted musical compositions on its premises after receiving oral and written notices of infringement and demands to stop such infringement from BMI.  This behavior indicates a willful disregard of copyrights held by BMI and should be permanently enjoined.

*Niro's Palace*, 619 F. Supp. at 963.  Here, as in *Niro's*, Defendants willfully disregarded the copyrights held by Plaintiffs, as well as oral and written notices, and continued to perform copyrighted musical compositions for years with no license to do so.  This Circuit has consistently held "that a showing of past infringement and a substantial likelihood of future infringement justifies issuance of a permanent injunction."  *Bridgeport Music* 507 F.3d at 492; see also *Digital Filing Sys., LLC v. Aditya Int'l*, 323 F. App'x 407, 420 (6th Cir. 2009) ("Permanent injunctions are granted where liability is determined and a continuing threat to a copyright exists.").

In *Milene Music,* the Court granted injunctive relief stating that "[t]he history of defendants' actions . . . exhibits an unfortunate tendency conveniently to ignore, from time to time  . . .

9

the plaintiffs' proprietary rights." *Milene Music*, 551 F. Supp. at 1295-96; see also *Sailor Music v. Mai Kai of Concord, Inc.,* 640 F. Supp. at 634-35.

In this instance, where the Defendants are as yet unlicensed and continue to offer unauthorized performances of the Plaintiffs' music, broad injunctive relief is appropriate and necessary.

B.    Statutory Damages

The Copyright Act empowers a Plaintiff to elect to receive an award of statutory damages "in a sum of not less than $750 or more than $30,000" per infringement in lieu of an award representing the Plaintiffs' actual damages and the Defendant(s)' profits. 17 U.S.C. § 504(c)(1). Furthermore, "[i]n a case where the copyright owner sustains the burden of proving . . . that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). Within these statutory limits, the assessment of damages is at the discretion of the court. *See F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 231-32 (1952)

Statutory damages are "designed to discourage wrongful conduct...and vindicate the statutory policy." Id. at 233. "The court's award should be designed to compensate plaintiffs as well as to punish defendant[s]." *Prater Music v. Williams*, 5 USPQ2d 1813, 1816 (W.D. Mo. 1987). To further discourage continued abuse and give effect to the Copyright Act, the amount awarded in statutory damages should significantly exceed the amount of unpaid license fees. *See EMI Mills Music, Inc. v. Empress Hotel, Inc.,* 470 F. Supp.2d 67, 75-76 (D. Puerto Rico 2006). As the court in *Prater Music* held: "If the copyright laws are to have any effect, a judgment against [a] defendant must be appreciably more than the amount he would have had to expend to obtain permission." 5 USPQ at 1816. Music users such as the Defendants should be "put on notice that it costs less to obey the copyright laws than to violate them." *Rodgers v. Eighty Four Lumber Co.,* 623 F. Supp. 889, 892

(W.D. Pa. 1985), quoting *Music City Music v. Alfa Foods Ltd.*, 616 F. Supp. 1001, 1003 (E.D. Va. 1985); see also *Broadcast. Music, Inc. v. Triple L Vending, Inc.*, 5 USPQ2d 1346, 1349 (W.D. Tex. 1987); *Halnat Pub. Co. v. L.A.P.A., Inc.*, 669 F. Supp. 933 (D. Minn. 1987).

As set forth in the Stevens Declaration, when BMI first contacted the Defendants on October 24, 2008, Rafters Bar & Grill was asked to execute a license agreement. Despite the numerous calls and letters, to date, BMI has not received a license agreement or any license fees from the Defendants.

The court, in its discretion, may also augment the amount of statutory damages awarded to reflect the degree of culpability exhibited by the Defendants. See *Wow & Flutter Music v. Len's Tom Jones Tavern, Inc.*, 606 F. Supp. 554, 555-57 (W.D.N.Y. 1985). "Where a defendant continues to infringe upon copyrights despite repeated warnings, courts have found defendant's conduct to be willful." *Prater Music v. Williams*, 5 USPQ2d at 1815; accord *International Korwin Corp. v. Kowalczyk*, 855 F. 2d. 375 (7th Cir. 1988); *Nick-O-Val Music Co., Inc. v. P.O.S. Radio, Inc.*, 656 F. Supp. 826, 829; *Rodgers*, 623 F. Supp. at 892.

The record supports a finding that the Defendants deliberately violated the Plaintiffs' rights. As set forth in the Stevens Declaration, between October 2010 and March 2012, BMI sent letters to the Defendants and repeatedly advised them of the need to enter into a license agreement. Stevens Declaration at ¶¶ 3-7, 12-13. A BMI representative telephoned Defendants on twenty-nine (29) occasions. Stevens Declaration, ¶ 8. On April 18, 2011, BMI sent Defendants an overnight letter informing them that they must immediately cease unauthorized performances of BMI-licensed music, with multiple follow up letters. Stevens Declaration, ¶ 6. Despite all of this, a BMI investigator made a written record of the unauthorized performance of nine (9) BMI-licensed compositions after that date. Stevens Declaration, ¶ 10, Exhibit A.

11

This is clearly a situation where the Plaintiffs should be awarded damages well in excess of the statutory minimum.  Within the limits of $750 and $30,000 per infringement, the amount of any statutory damages award is within the discretion of this Court.  17 U.S.C. § 504(c).  For nine (9) acts of infringement described in the Complaint, Plaintiffs request a total award of $10,800.[2]  This figure is approximately two times the amount Plaintiffs would have received in licensing fees from Defendants had their establishment properly been licensed for the past 3 years, *Id.* ¶¶ 3-5, and constitutes an award of approximately $1,200 for each of nine (9) infringements.

Courts consistently have held that a statutory damages award three times the amount that the plaintiff would have received in licensing fees is appropriate under Section 504(c).  See *Chi-Boy Music v. Charlie Club, Inc.,* 930 F.2d 1224, 1229-30 (7th Cir. 1991); *Broadcast Music, Inc. v. Buck Wild Saloon, LLC d/b/a Buck Wild Saloon, et al.*, No. 3:11-cv-00165 (M.D. Tenn. December 5, 2011) (awarding $8,000 for each of 5 copyright violations); *Broadcast Music, Inc., et al. v. Cameron Hospitality, Inc. d/b/a Fosters, et al.,* No. 5:11-CV-152-BO (E.D.N.C. August 11, 2011) (awarding $7,612.50 for each of 4 copyright violations) *Broadcast Music, Inc. v. Pub Dayton, LLC, et al.,* No. 3:11-cv-58, 2011 U.S. District LEXIS 57211 (S.D. Ohio May 27, 2011) (awarding $7,750 for each of 4 copyright violations); *Broadcast Music Inc. v. V3 Club Company LLC d/b/a The Highlands, et al,* cv-09-08039 (C.D. CA June 21, 2010) (awarding $9,000 for each of the 9 copyright violations); *Dream Dealers Music v. Parker,* 924 F. Supp. 1146, 1153 (S.D. Ga. 1994) (awarding three times what defendant would have paid ASCAP to be licensed). *Broadcast Music, Inc. v. Entertainment Complex, Inc.,* 198 F. Supp. 2d 1291 (N.D. Ala. 2002) (awarding $3,909.09 for each of 11 copyright violations) *See also Sailor Music v. IML Corp.,* 867 F. Supp. 565, 570 (E.D. Mich. 1994) (reviewing

---

[2]  The Complaint alleges ten (10) acts of infringement, but Plaintiffs have discontinued their claim for the unauthorized performance of the song "Rocky Mountain Way."  Thus, nine (9) acts of infringement are at issue in this motion.

"a survey of statutory awards throughout the country, all of which indicate that the courts typically award three times the amount of a properly purchased license for each infringement") (collecting cases).  Therefore, Plaintiffs request is a modest, just, and appropriate statutory damages award.

C.     Attorney's Fees and Costs

The Copyright Act expressly provides that the "court may also award a reasonable attorney's fee to the prevailing party."  17 U.S.C. § 505.  Because it is consistent with the purpose of the Copyright Act, courts routinely award the reasonable fees incurred by a Plaintiff asserting its rights.  See *Triple L Vending, Inc.,* 5 USPQ2d at 1349-52; *Broadcast Music, Inc. v. Fox Amusement Co.*, 551 F. Supp. 104 (N.D. Ill. 1982); *Milene Music, Inc. v. Gotauco*, 551 F. Supp. at 1297.

In the present case, the Defendants have intentionally ignored their obligation under the Copyright Act and have forced Plaintiffs to engage in litigation to enforce their rights.  Accordingly, Plaintiffs should be awarded full attorney's fees.

The Copyright Act expressly provides that the court "in its discretion may allow the recovery of full costs by or against any party ..." 17 U.S.C. § 505.  Under this provision, the courts have allowed full recovery by the prevailing party of its reasonable costs.  See *Milene Music, Inc. v. Gotauco*, 551 F. Supp. at 1297.  There are no factors which would militate against an award of the Plaintiffs' costs in the present case.  Such an award is particularly appropriate in light of the Defendants' deliberate misconduct and the statutory purpose of encouraging private enforcement of the Copyright Act.  The Declaration of Ronald H. Isroff, attached as Exhibit 3 setting forth the attorneys' fees and costs billed to Plaintiffs in this case accompanies this Motion.

V.    <u>CONCLUSION</u>

For all of the foregoing reasons, Plaintiffs request that the Court:

(1)    Enter a summary judgment in its favor against Defendant Roy E. Barr;

(2)    Enter an order permanently enjoining Defendant Roy E. Barr from further acts of infringement;

(3)    Award Plaintiffs statutory damages of Ten Thousand Eight Hundred Dollars ($10,800), that is One Thousand Two Hundred Dollars ($1,200) for each of nine (9) acts of copyright infringement alleged in the Complaint;

(4)    Award Plaintiffs their full costs;

(5)    Award Plaintiffs their reasonable attorneys' fees; and

(6)    Grant such other and further relief as the Court deems appropriate.

Respectfully submitted,


/s/ *Robert E. Chudakoff*
Robert E. Chudakoff (0038594)
ULMER & BERNE LLP
Skylight Office Tower
1660 W. 2nd Street, Suite 1100
Cleveland, OH 44113-1448
Tel (216) 583-7000
Fax (216) 583-7001
rchudakoff@ulmer.com

Attorney for Plaintiffs

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 29, 2013, a copy of the foregoing Motion for Summary Judgment Against Defendant Roy E. Barr and attachments were electronically filed.  Notice of this filing will be sent to counsel of record for all parties by operation of the Court's Electronic Filing System.  Parties and their counsel may access this filing through the Court's Electronic Filing System. Counsel of record is:

      Robert E. Soles, Jr. (0046707)
      Kara Dodson (0075527)
      Faith Dylewski (0074985)
      6545 Market Avenue, North
      North Canton, Ohio 44720
      Tel (330) 244-8000
      Fax (330) 244-8002
      bsoles@soleslaw.com
      kdodson@soleslaw.com
      fdylewski@soleslaw.com

      Attorneys for Defendants

                           /s/ Robert E. Chudakoff
                           Attorney for Plaintiffs

CLEV1997 2025950v1
11986.00095

15